**IT IS ORDERED as set forth below:**



**Date: February 24, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| **SAMUEL SANCHEZ, JR.**, | **20-63025-LRC** |
| Debtor. | CHAPTER 7 |
| **LEANNE COOPER** | |
| Plaintiff, | ADVERSARY PROCEEDING NO: |
| v. | **20-06089-LRC** |
| **SAMUEL SANCHEZ, JR.**, | |
| Defendant. | |

# ORDER

Before the Court are three motions: (1) an *Amended Motion for Default Judgment* (Doc. 15) (the "Motion for Default Judgment") filed by Leanne Cooper ("Plaintiff"); (2) a

1

*Motion to Dismiss* (Doc. 7) filed by Samuel Sanchez, Jr. ("Debtor"); and (3) a *Motion for Sanctions* (Doc. 21) filed by Debtor. All of these motions arise in connection with a complaint (Doc. 1) (the "Complaint") filed by Plaintiff seeking a determination that an award of attorney's fees pursuant to a divorce decree is nondischargeable under either § 523(a)(5) or § 523(a)(15). [1] This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I); 1334.

I.   Background

On February 20, 2020 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (Bankr. Case No. 20-63025-LRC, Doc. 1, the "Bankruptcy Case"). In Debtor's Schedule E/F filed with his petition, he listed a $2,500 debt owed to Leanne Cooper for "Attorney's Fees" as general unsecured debt. *See id.* at 30). On May 21, 2020, Plaintiff, the attorney of Debtor's former spouse, filed the Complaint, wherein she alleges that the Debtor's obligation to pay the $2,500 in attorney's fees was awarded pursuant to a divorce decree entered by the Superior Court of Henry County on January 31, 2020, and constitutes a debt in the nature of alimony, maintenance, or support. *See* Complaint at ¶¶ 8-10, 15. Accordingly, the Complaint seeks a determination that the attorney's fees award is nondischargeable under § 523(a)(5) or, alternatively, under § 523(a)(15).

After the Complaint was filed, Debtor amended his Schedule E/F to reflect that the

---

[1] Unless otherwise stated, all references to sections are to Title 11 of the United States Code, and all references to docket numbers are to the adversary proceeding docket.

$2,500 debt owed to Plaintiff for attorney's fees was a priority "domestic support obligation." *See* Bankr. Case No. 20-63025-LRC, Doc. 20 at 3). Debtor contends that this amendment rendered the Complaint moot, thus Debtor "did not file any response to the [C]omplaint." *See* Doc. 21 at ¶¶ 5-6. On July 14, 2020, Plaintiff filed a Request for Entry of Default (Doc. 6), which she later amended on July 17, 2020 (Doc. 10). Also on July 14, 2020, Debtor filed the Motion to Dismiss, as well as a brief in support of the Motion to Dismiss (Docs. 7, 8), seeking dismissal on the basis that Plaintiff's request to have the $2,500 debt for attorney's fees determined nondischargeable has become moot as a result of his amendment to Schedule E/F. On July 17, 2020, the Clerk entered the default against Debtor. On July 27, 2020, Plaintiff filed a response to the Motion to Dismiss (Doc. 11), which she later amended on September 24, 2020 (Doc. 20), contending that the Complaint is not moot because it also includes a request for attorney's fees and costs associated with having to file this adversary proceeding. Finally, on September 28, 2020, Debtor filed the Motion for Sanctions (Doc. 21) asserting that Plaintiff should be sanctioned under Rule 9011 of the Federal Rules of Bankruptcy Procedure for continuing to prosecute the moot adversary proceeding. Plaintiff filed a response in opposition to the Motion for Sanctions on October 9, 2020 (Doc. 22).

II. Discussion

    a. Motion to Dismiss

The Motion to Dismiss seeks dismissal of the Complaint under Rule 12(b)(1), made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy

Procedure, on the grounds that the claims asserted through the Complaint are now moot. "Rule 12(b)(1) authorizes the filing of a motion to dismiss [] a complaint for 'lack of jurisdiction over the subject matter.'" *Branch Banking & Tr. Co. v. Soleil Energy Sols., LLC*, 2017 WL 3446632, at *1 (N.D. Ga. Jan. 18, 2017) (quoting Fed. R. Civ. P. 12(b)(1)). Plaintiff, "as the party commencing suit in this Court, 'has the burden of establishing by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.'" *Id.* (quoting *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010)).

> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." ... [A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff ... meaningful relief, then the case is moot and must be dismissed.

*Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007).

Here, Defendant contends that the Complaint is moot because he has amended his bankruptcy schedules to show that the $2,500 debt owed to Plaintiff for attorney's fees is a "domestic support obligation." However, identifying a debt as being a domestic support obligation in a debtor's bankruptcy schedules does not constitute a determination that the debt is nondischargeable.[2] While Debtor may be judicially estopped from contending that the debt is not a domestic support obligation in subsequent litigation, that does not mean there is no longer a "live controversy" regarding whether the debt was discharged in the

---

[2] A determination is "the act of deciding something officially; esp., a final decision by a court or administrative agency." *See* Black's Law Dictionary (11th ed. 2019). A judicial admission, on the other hand, is "[a] formal waiver of proof that relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it." *See id.*

4

Debtor's Chapter 7 bankruptcy case. Without a determination that the debt is nondischargeable, Defendant could still assert his bankruptcy discharge as a defense to future collection efforts, even if such a defense would be subject to a successful judicial estoppel argument. Only a final determination by a court that the debt is nondischargeable would give rise to preclusive effects in any future litigation. *See Matter of McWhorter*, 877 F.2d 1564, 1566 (11th Cir. 1989) (listing the elements of collateral estoppel). Accordingly, the Court does not agree that the amendment to Debtor's bankruptcy schedules has rendered the Complaint moot and, therefore, finds that the Motion to Dismiss should be denied.

b. <u>Motion for Default Judgment</u>

Having found that the Complaint is not moot, the Court must now consider Plaintiff's Motion for Default Judgment. Entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure. *See* FED. R. CIV. P. 55(b). To grant default judgment, the Court must first determine that Plaintiff's allegations of fact serve as a sufficient basis for entry of a judgment. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *In re Chong U. Han*, 2005 WL 6488968, at *1 (Bankr. N.D. Ga. Mar. 25, 2005) ("Plaintiff must prove a *prima facie* case in order to succeed on a motion for default judgment."). Defendant's default functions as an admission of Plaintiff's "well-pleaded allegations of fact," but not "facts that are not well-pleaded" or "conclusions of law." *Nishimatsu Const. Co.*, 515 F.2d at 1206.

5

Here, Plaintiff seeks default judgment that the $2,500 debt owed by Debtor to Plaintiff for attorney's fees is nondischargeable under either § 523(a)(5) or § 523(a)(15). Additionally, the Complaint seeks an award of reasonable costs and attorney's fees. Regarding the nondischargeability of the $2,500 debt, the Complaint contends that the debt arose from a final divorce decree that awarded attorney's fees to Plaintiff, the attorney of Debtor's former spouse, to be paid by Debtor. Section 523(a)(5) excepts from discharge any debt for "a domestic support obligation." To successfully obtain a determination that a debt is a domestic support obligation, and therefore nondischargeable under § 523(a)(5), the claimant "must show that the obligation in issue is actually in the nature of support." *In re Fussell*, 303 B.R. 539, 544 (Bankr. S.D. Ga. 2003) (quoting *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902 (11th Cir. 1985)).

> In determining whether a debtor's obligation is in the nature of support, the intent of the parties [or the trier of fact] at the time of the settlement agreement or trial is dispositive. While a label placed upon spousal obligation is not dispositive in determination of dischargeability, it is indicative of the parties' intent…. The most critical factors to be considered in interpreting the parties' intent with respect to the provisions of a divorce settlement include: (1) any disparity in the parties' earning capacities; (2) parties' relative business or employment opportunities; (3) parties' physical condition; (4) parties' educational background; (5) parties' probable future financial needs; [and] (6) benefits that each party would have received if marriage had continued.

*Id.* at 545 (internal citations omitted).

Here, the Complaint alleges that the award of alimony to Debtor's former spouse and the award of attorney's fees to Plaintiff was entered by the Superior Court "due to the disparity of the parties income" and, therefore, the $2,500 debt is "in the nature of alimony, maintenance or support." *See* Complaint at ¶¶ 10, 15. Additionally, the final divorce decree

6

attached to the Complaint as Exhibit A provides that "[d]ue to the income disparity between the parties, the Court hereby orders the Petitioner to pay the Respondent $850 per month as alimony until Respondent has reached the age of 66[, and] [t]he Court also ordered Petitioner to pay to Respondent's counsel the sum of $2,500 in attorney fees to be paid within 10 (ten) days from the sale of the marital residence. The attorney fees will be paid directly to [Plaintiff]." *See id.* at 8. Accordingly, based on the allegations in the Complaint and the attached final divorce decree, the Court finds that the Complaint contains sufficient factual allegations to establish a *prima facie* case that the $2,500 debt for attorney's fees is "in the nature of support" and, therefore, nondischargeable under § 523(a)(5).

Regarding the Complaint's request for costs and attorney fees, however, the Court does not find that the Complaint alleges sufficient facts establishing that Plaintiff is entitled to a judgment for further attorney's fees and costs. The request is only included in the wherefore clause of the Complaint and merely provides that "Plaintiff prays… for an award of reasonable costs and attorney's fees." The Complaint does not indicate which rule or statute authorizes Plaintiff to recover attorney's fees or allege any facts in support of the request. Accordingly, the Court cannot enter default judgment as to the Complaint's request for attorney's fees. *See In re Chong U. Han*, 2005 WL 6488968, at *1 ("Plaintiff must prove a *prima facie* case in order to succeed on a motion for default judgment.").

    c. Motion for Sanctions

Finally, Debtor contends that sanctions against Plaintiff are warranted under Rule 9011 of the Federal Rules of Bankruptcy Procedure due to Plaintiff's "continued pursuit of

her moot adversary complaint." "Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose. *Mroz v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995) (citing *In re Smith*, 82 B.R. 113, 114 (Bankr.D.Ariz.1988)). Further, "the court's inquiry should only focus on the merits of the pleading gleaned from the facts and law known or available to the attorney *at the time of filing.*" *Id*. (emphasis in original) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694-95 (11th Cir. 1995)).

Because the Complaint was filed prior to the Debtor's amending his bankruptcy schedules to show that the debt was a domestic support obligation, no sanctions may be imposed under Rule 9011 for Plaintiff's filing of the Complaint. As for Plaintiff's opposition to the Motion to Dismiss, the Court has already determined that the Motion to Dismiss should be denied since it has found that the Complaint did not become moot by Debtor's amended schedules. Accordingly, Plaintiff's opposition to the Motion to Dismiss was not frivolous, and the Court finds that Debtor's Motion for Sanctions should be denied.

## CONCLUSION

For the reasons stated herein,

**IT IS HEREBY ORDERED** that Debtor's *Motion to Dismiss* (Doc. 7) and Debtor's *Motion for Sanctions* (Doc. 21) are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Amended Motion for Default Judgment* (Doc. 15) is **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that the $2,500 debt for attorney's fees owed by Defendant to Plaintiff is **NONDISCHARGEABLE** pursuant to § 523(a)(5);

**IT IS FURTHER ORDERED** that any request for relief in the Complaint not specifically granted herein is **DENIED**;

**IT IS FURTHER ORDERED** that judgment in favor of Plaintiff shall be entered concurrently herewith.

**END OF DOCUMENT**

**Distribution List**

**Darrel L. Hopson**
Darrel L. Hopson, P.C.
109 Stockbridge Road
P. O. Box 1034
Jonesboro, GA 30237

**Samuel Sanchez, Jr.**
PO Box 275
Stockbridge, GA 30281

**Brandon K. Honsalek**
Honsalek Law, LLC
2194 North Road
Snellville, GA 3007